WILLIAM N. G. BARROW *v.* HENRY ELKINS, ET AL.

**Suit by Creditor to Set Aside Conveyance of Real Estate.**

> Where the father buys real estate as agent of his son, and the son furnishes the money with which the purchase is made, and conveyance is made to the son, such conveyance cannot be set aside at the suit of the father's creditor.

APPEAL FROM WOLF CIRCUIT COURT.

January 20, 1877.

OPINION BY JUDGE PRYOR:

The petition of Henry Elkins, Jr., was evidently treated by all the parties in the court below as his answer, and upon the assertion of his claim proof was taken as to the purchase of the land made by his father.

This purchase both father and son swear was made by the former, as his son's agent, and the money or property paid for the land belonged to the son. There are some circumstances in the case to some extent conflicting with their statements, but not of sufficient importance to authorize the conclusion that both father and son had deliberately made statements as to the ownership of the land they knew at the time to be false. The strongest circumstance in the case against the claim of Elkins, the younger, is that he failed to list this land with the assessor as belonging to him. This is explained, however, by both of these parties. They say that as the father was living on the land and enjoying its use, that it was agreed between the two that the father should list it and pay the taxes, which he seems to have done, and while suspicion might attach to this singular agreement, the assessor is called on by the appellant, and he says that at the time he applied to the son to list his property, he was told by him that he owned this land, but that his father agreed to pay the taxes upon it. So there was no concealment in regard to the matter, and although the son was endangering his title by such an arrangement, the proof of the assessor indicates clearly that this agreement must have been made in good faith and with no view of defrauding creditors. If there were no petition by the son, the proof showing that he was the owner of the land, the chancellor would have refused to subject it to the payment of the father's debts without bringing him before the court. He was evidently in court, and the pleading by which he asserted his claim treated as forming an issue between the parties.

Judgment *affirmed.*

*William L. Hurst, for appellant.*